# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s): Quinton Lee Smithers
Nina Van Payne-Smithers

Case No: 12-33503

This plan, dated   June 9, 2012  , is:

 ☒ the *first* Chapter 13 plan filed in this case.
 ☐ a modified Plan, which replaces the
   ☐confirmed or ☐unconfirmed Plan dated .

   Date and Time of <u>Modified Plan</u> Confirming Hearing:

   Place of <u>Modified Plan</u> Confirmation Hearing:

   The Plan provisions modified by this filing are:

   Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

  Total Assets: $48,516.49
  Total Non-Priority Unsecured Debt: $31,365.71
  Total Priority Debt: $22,995.44
  Total Secured Debt: $14,666.00

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of $1,270.00 Monthly for 60 months. Other payments to the Trustee are as follows:  NONE  . The total amount to be paid into the plan is $  76,200.00  .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $  3,000.00  balance due of the total fee of $  3,000.00  concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | 14,995.44 | Prorata 34 months |
| Virginia Department of Tax | Taxes and certain other debts | 8,000.00 | Prorata 34 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| Buckeye Title Loans | 1999 Isuzu Trooper; 205,000; not driven in 3 years | 2011 | 780.06 | 200.00 |
| Chase Auto Finance | 2005 Chrysler 300, 125,000 miles | 5/14/2009 | 10,572.71 | 7,466.00 |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                          Best Case Bankruptcy

**C.    Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Carolina Finance, LLC | 2007 Chevy Impala | 329.00 | Trustee |
| Buckeye Title Loans | 1999 Isuzu Trooper; 205,000; not driven in 3 years | 25.00 | Trustee |
| Chase Auto Finance | 2005 Chrysler 300, 125,000 miles | 197.00 | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.    Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| Carolina Finance, LLC | 2007 Chevy Impala | 11,000.00 | 5% | 329.68 36 months |
| Buckeye Title Loans | 1999 Isuzu Trooper; 205,000; not driven in 3 years | 200.00 | 5% | 25.47 8 months |
| Chase Auto Finance | 2005 Chrysler 300, 125,000 miles | 6,564.00 | 5% | 196.73 36 months |

**E.    Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.    Unsecured Claims.**

**A.    Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __100__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

**B.    Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                          Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | -NONE- | | | | | | |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

   | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
   |---|---|---|---|---|
   | -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

   | Creditor | Type of Contract |
   |---|---|
   | -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|
   | -NONE- | | | | |

**7.	Liens Which Debtor(s) Seek to Avoid.**

A.	**The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

B.	**Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.	Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.	Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.	Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.	Other provisions of this plan:**
A. Payment of Attorney Fees - The claim for attorney fees shall be paid out of funds available upon first disbursement after confirmation of the plan and until such claim is paid in full, except as reserved for adequate protection payments on allowed secured claims, if any, and trustee commissions. The attorney fees are estimated high to account for additional estimated fees. The trustee shall not pay more than the amount allowed by the local rules until the court enters an order allowing additional fees.

B. Payments will not be made to any general unsecured creditors until secured, priority, and administrative creditors have been paid in full.

C. Adequate Protection Payments - Creditors with allowed secured claims provided for in Plan Section 3.A, 3.B and/or 5.B shall be paid adequate protection payments through the Chapter 13 Trustee on a monthly basis until Plan confirmation as follows:
    Carolina Finance, LLC      $329.00
    Chase Auto Finance         $197.00
    Buckeye Title Loans        $25.00

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com					Best Case Bankruptcy

**Signatures:**

**Dated:** June 9, 2012

/s/ Quinton Lee Smithers
Quinton Lee Smithers
**Debtor**

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. 43538
**Debtor's Attorney**

/s/ Nina Van Payne-Smithers
Nina Van Payne-Smithers
**Joint Debtor**

**Exhibits:**     **Copy of Debtor(s)' Budget (Schedules I and J);**
**Matrix of Parties Served with Plan**

Certificate of Service

I certify that on   June 9, 2012  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. 43538
Signature

5310 Markel Rd.
Suite 102
Richmond, VA 23230-3030
Address

804.303.0204
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                           Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

In re: Quinton Lee Smithers / Nina Van Payne-Smithers, Debtor(s)

Case No. 12-33503
Chapter 13

## SPECIAL NOTICE TO SECURED CREDITOR

To:
Buckeye Title Loans
4506 West Broad Street
Richmond, VA 23230
*Name of creditor*

1999 Isuzu Trooper; 205,000; not driven in 3 years
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☒ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | 8/22/2012 |
| Date and time of confirmation hearing: | 8/29/2012 @ 11:10 am |
| Place of confirmation hearing: | 701 E. Broad St. Rm 5100, Richmond, VA 23219 |

Quinton Lee Smithers
Nina Van Payne-Smithers
*Name(s) of debtor(s)*

By: /s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. 43538
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

Jason M. Krumbein, Esq. 43538
*Name of attorney for debtor(s)*
5310 Markel Rd.
Suite 102
Richmond, VA 23230-3030
*Address of attorney [or pro se debtor]*

Tel. # 804.303.0204
Fax # 804.303.0209

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   June  9, 2012   .

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. 43538
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

In re: Quinton Lee Smithers / Nina Van Payne-Smithers, Debtor(s)

Case No. 12-33503
Chapter 13

## SPECIAL NOTICE TO SECURED CREDITOR

To:
Chase Auto Finance
P O Box 901076
TX 1-0056
Fort Worth, TX 76101-2076
*Name of creditor*

2005 Chrysler 300, 125,000 miles
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☒ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: 8/22/2012
Date and time of confirmation hearing: 8/29/2012 @ 11:10 am
Place of confirmation hearing: 701 E. Broad St. Rm 5100, Richmond, VA 23219

Quinton Lee Smithers
Nina Van Payne-Smithers
*Name(s) of debtor(s)*

By: /s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. 43538
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

Jason M. Krumbein, Esq. 43538
*Name of attorney for debtor(s)*
5310 Markel Rd.
Suite 102
Richmond, VA 23230-3030
*Address of attorney [or pro se debtor]*

Tel. # 804.303.0204
Fax # 804.303.0209

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   June 9, 2012   .

                                             /s/ Jason M. Krumbein, Esq.
                                           Jason M. Krumbein, Esq. 43538
                                           *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

**B6I (Official Form 6I) (12/07)**

In re  Quinton Lee Smithers  
       Nina Van Payne-Smithers                          Case No.  12-33503
                        Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): Son | AGE(S): 19 |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Material Handler | Supervisor |
| Name of Employer | StampTech, Inc. | Department of Defense - DLA Aviation |
| How long employed | 3 years, 2 months | 18 Years |
| Address of Employer | P.O. Box 3870<br>Chester, VA 23831 | 8000 Jefferson Davis Hwy<br>Richmond, VA 23297 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 2,825.98 | $ 7,215.91 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 2,825.98 | $ 7,215.91 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 491.18 | $ 713.61 |
|    b. Insurance | $ 0.00 | $ 804.35 |
|    c. Union dues | $ 0.00 | $ 30.88 |
|    d. Other (Specify) See Detailed Income Attachment | $ 0.00 | $ 1,079.76 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 491.18 | $ 2,628.60 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 2,334.80 | $ 4,587.31 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,334.80 | $ 4,587.31 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 6,922.11 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    None Expected.

**B6I (Official Form 6I) (12/07)**

In re  Quinton Lee Smithers
      Nina Van Payne-Smithers
      Debtor(s)

Case No.  12-33503

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| Charity | $ 0.00 | $ 23.83 |
| Retirement | $ 0.00 | $ 56.90 |
| Retirement Loan | $ 0.00 | $ 95.53 |
| Allotment | $ 0.00 | $ 903.50 |
| **Total Other Payroll Deductions** | $ 0.00 | $ 1,079.76 |

**B6J (Official Form 6J) (12/07)**

In re  Quinton Lee Smithers
       Nina Van Payne-Smithers                                              Case No.  12-33503
                                        Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,050.00 |
|   a. Are real estate taxes included?    Yes ___    No  X  | | |
|   b. Is property insurance included?    Yes ___    No  X  | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ 220.00 |
|                b. Water and sewer | | $ 90.00 |
|                c. Telephone | | $ 0.00 |
|                d. Other  See Detailed Expense Attachment | | $ 510.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 200.00 |
| 4. Food | | $ 750.00 |
| 5. Clothing | | $ 50.00 |
| 6. Laundry and dry cleaning | | $ 50.00 |
| 7. Medical and dental expenses | | $ 200.00 |
| 8. Transportation (not including car payments) | | $ 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 0.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|        a. Homeowner's or renter's | | $ 25.00 |
|        b. Life | | $ 94.00 |
|        c. Health | | $ 0.00 |
|        d. Auto | | $ 401.61 |
|        e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify)  Personal Property Taxes | | $ 58.33 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|        a. Auto | | $ 0.00 |
|        b. Other | | $ 0.00 |
|        c. Other | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 250.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other  Personal Care & Contingency Expenses | | $ 200.00 |
|       Other | | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 4,648.94 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ 6,922.11 |
| b. | Average monthly expenses from Line 18 above | $ 4,648.94 |
| c. | Monthly net income (a. minus b.) | $ 2,273.17 |

**B6J (Official Form 6J) (12/07)**

In re  Quinton Lee Smithers
       Nina Van Payne-Smithers                                   Case No.  12-33503
                         Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
**Detailed Expense Attachment**

**Other Utility Expenditures:**

| | |
|---|---:|
| Cell Phone | $ 250.00 |
| Cable/Internet/Phone | $ 260.00 |
| **Total Other Utility Expenditures** | $ 510.00 |

Quinton Lee Smithers
Nina Van Payne-Smithers
308 West 26th Street
Richmond, VA 23225


Advanced Orthopaedic Centers
Billing Office
7858 Shrader Road
Richmond, VA 23294


Avi Gibberman, DDS
9830 Brook Road
Glen Allen, VA 23059


Big Sky Cash
P.O. Box 128
Timber Lake, SD 57656


Bon Secours Rich Health Cen
Attn: Beverly Slater
8580 Magellan Parkway
Richmond, VA 23237


Buckeye Title Loans
4506 West Broad Street
Richmond, VA 23230


Capital One
PO Box 30285
Salt Lake City, UT 84130-0285


Carolina Finance, LLC
4746 Finlay Street
Henrico, VA 23231


Cavalry Portfolio Services
Attn: Customer Service
500 Summit Lake Drive
Valhalla, NY 10595


Chase Auto Finance
P O Box 901076
TX 1-0056
Fort Worth, TX 76101-2076

```
Commonwealth Radiology, PC
1508 Willow Lawn Drive
Suite 117
Richmond, VA 23230-3421


Credit Adjustment Board, Inc.
306 East Grace Street
Richmond, VA 23219-1718


Dominion Surgical Associates
7229 Forest Avenue, Suite 110
Richmond, VA 23226


Extra Funds.com
33 North Main, Suite 210
Logan, UT 84321


F&L Marketing Enterprises LLC
222 Delaware Avenue
Suite 1200
Wilmington, DE 19801


FASV PC
7016 Lee Park Road, Suite 105
Mechanicsville, VA 23111-3620


First International Fund
P O Box 708368
Sandy, UT 84070-8368


First Premier Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524


HSBC Card Services
Bankruptcy Department
P.O. Box 5253
Carol Stream, IL 60197-5253


Internal Revenue Service
Centralized Insolvency Ops
PO Box 7346
Phila, PA 19101-7346
```

```
Jefferson Capital Systems, LLC
P.O. Box 7999
Saint Cloud, MN 56302-9617


MiraMed Revenue Group
991 Oak Creek Dr
Lombard, IL 60148-6408


Portfolio Recovery Assocs, LLC
P.O. Box 41067
Norfolk, VA 23541-1067


Richmond Cardiology Assocs
8243 Meadowbridge Road
Mechanicsville, VA 23116-2329


Spinella, Owings & Shaia, P.C.
c/o Greer P. Jackson, Jr. Esq.
8550 Mayland Drive
Richmond, VA 23294-4704


Spot On Loans
P O Box 6243
Logan, UT 84341


SST
4315 Pickett
Saint Joseph, MO 64503


The Pellettieri Group, LLC
1717 Park Street, Suite 105
Naperville, IL 60563


VCU Health System
P.O. Box 758997
Baltimore, MD 21275


Virginia Allergy Partners
7605 Forest Avenue, Suite 103
Henrico, VA 23229


Virginia Department of Tax
PO Box 2156
Richmond, VA 23218-2156
```

```
Vision Financial Corp
11960 Industrial Dr.
Suite 330
St. Louis, MO 63146


West End Anesthesia
5855 Bremo Road
Suite 100 North
Richmond, VA 23226
```